UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| KATHLEEN BOXELL, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 1:13-CV-89 |
| THE PLAN FOR GROUP INSURANCE OF VERIZON COMMUNICATIONS, INC., | ) ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Kathleen Boxell is suing The Plan for Group Insurance of Verizon Communications, Inc. (the "Plan"), under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(1), alleging that it wrongfully terminated her long-term disability benefits ("LTD").[1] She seeks a declaratory judgment requiring the Plan to reinstate her benefits.

Now before the Court is Boxell's motion asking the Court: (1) to conclude that, due to the Plan's purported claim procedure deficiencies, the standard of review in this case is *de novo*, rather than "arbitrary and capricious"; and (2) to allow her to conduct discovery outside of the administrative record. (Docket # 14.) The Plan adamantly opposes Boxell's motion, asserting that the alleged claim procedure deficiencies do not change the deferential standard of review and that no discovery outside the administrative record is appropriate.

For the following reasons, the standard of review in this case will be "arbitrary and

---

[1] Accordingly, subject matter jurisdiction arises under 28 U.S.C. § 1331.

capricious," and Boxell's request to perform discovery will be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Boxell filed this ERISA suit on March 28, 2013, seeking review of an adverse determination of her claim for ongoing LTD, as defined by the Plan sponsored by her former employer, Verizon Communications, Inc. ("Verizon"). (Docket # 1.) The Plan is administered by Metropolitan Life Insurance Company ("MetLife"), and the parties agree that the Plan provides MetLife with discretion to make claim decisions. (Def.'s Initial Br. Regarding Standard of Review and Scope of Discovery ("Def.'s Br.") 2; Pl's Mem. of Points & Authorities in Supp. of Pl.'s Mot. That Review Should be *De Novo*/Regarding Scope of Discovery ("Pl's Mem.") 1; Rosati Decl. Exs. 1, 2.) Boxell further represents that the Plan is self-funded by Verizon and that no contributions are made by MetLife. (Def.'s Br. 2; Rosati Decl. Exs. 1, 2.)

Boxell was employed by Verizon and was awarded disability benefits effective September 29, 2010, as a result of various conditions, including degenerative disk disease, radiculopathy, Paget's disease, spinal stenosis, migraine headaches, fibromyalgia, depression, and anxiety. (Rosati Decl. Ex. 4.) On September 16, 2011, MetLife notified Boxell that her LTD benefits would terminate on September 28, 2011, because her diagnoses of lower back pain and fibromyalgia fell under the twelve-month "limited benefit provision" of the Plan. (Rosati Decl. Ex. 5.)

Boxell then requested, through her attorney, that MetLife provide her with "copies of all documents, records, and other information relevant to [her] claim for benefits." (Rosati Decl. Ex. 6 at AR 3837.) MetLife responded on October 13, 2011, by sending Boxell's "claim file,"

---

[2] The Bates numbers of the documents cited from the administrative record are preceded by "AR."

explaining that it contained "all relevant communications and all records that may exist of any conversations that were had regarding your client's claim." (Rosati Decl. Ex. 7 at AR 3835.)

On March 13, 2012, Boxell administratively appealed the denial of her LTD claim and requested a review from a physician. (Rosati Decl. Ex. 8.) MetLife then referred the case to Dr. Neil McPhee, and on April 9, 2012, he provided a thirty-two page "Physician Consultant Review" concluding, among other things, that "any limitation in [Boxell's] functioning appears to be by her choice." (Rosati Decl. Ex. 16 at AR 2742.)

On May 25, 2012, Boxell was awarded disability benefits from the Social Security Administration. (Rosati Decl. Ex. 17.) Thereafter, MetLife requested a review and addendum from Dr. McPhee. (Rosati Decl. Ex. 19.) On September 10, 2012, Dr. McPhee again concluded that "the medical information does no[t] support continuous physical functional limitations related to the diagnoses/conditions from 9/28/11 continuously through the present." (Rosati Decl. Ex. 20 at AR 1737.) On November 6, 2012, Boxell's attorney sent a lengthy letter to MetLife challenging Dr. McPhee's opinions. (Rosati Decl. Ex. 21.)

On February 1, 2013, MetLife denied Boxell's appeal and upheld the termination of her LTD benefits. (Rosati Decl. Ex. 25.) Shortly thereafter, Boxell, through her attorney, once again requested "all documents, records and other information relevant to [her] claim for benefits." (Rosati Decl. Ex. 26 at AR 558.) MetLife responded by sending Boxell's current "claim file." (Rosati Decl. Ex. 27 at AR 556.) Boxell then filed the instant action on March 28, 2013, seeking declaratory relief. (Docket # 1.)

## II. THE STANDARD OF REVIEW

Boxell contends that due to purported claim procedure deficiencies the standard of

review in this case should be *de novo*, rather than arbitrary and capricious.³ For the following reasons, her assertion is unpersuasive.

As a general principle, "[j]udicial review of an ERISA administrator's benefits determination is de novo unless the plan grants the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Holmstrom v. Metro. Life Ins. Co.*, 615 F.3d 758, 766 (7th Cir. 2010) (citing *Firestone*, 489 U.S. at 115). When the administrator has such discretionary authority, "the court applies a more deferential standard, seeking to determine only whether the administrator's decision was 'arbitrary and capricious.'" *Id*. (citing *Glenn*, 554 U.S. at 111; *Jenkins v. Price Waterhouse Long Term Disability Plan*, 564 F.3d 856, 860-61 (7th Cir. 2009)). The same standard of review applies to both the plan administrator's factual determinations and its interpretation of the plan's provisions. *See Ramsey v. Hercules Inc.*, 77 F.3d 199, 204 (7th Cir. 1996).

The parties agree that the Plan delegates discretionary authority to MetLife to determine eligibility and to construe the terms of the Plan. Therefore, under the legal precedent of the Supreme Court and the Seventh Circuit, the Court would normally apply an "arbitrary and capricious" standard of review. *See Conkright v. Frommert*, 559 U.S. 506, 512 (2010); *Aschermann v. Aetna Life Ins. Co.*, 689 F.3d 726, 728 (7th Cir. 2012). Here, however, Boxell argues that MetLife did not provide her with a full and fair review as mandated by 29 C.F.R. §

---

³ Boxell does not suggest, and wisely so, that a conflict of interest somehow warrants *de novo* review. As stated earlier, the Plan expressly delegates discretionary authority for claim determinations to MetLife, and no contributions are made to the Plan by MetLife; thus, no inherent conflict of interest exists. And in any event, the United States Supreme Court and the Seventh Circuit Court of Appeals have held that even if an inherent conflict of interest existed, the applicable standard of review would remain "arbitrary and capricious." *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 115-16 (2008); *Leger v. Tribune Co. Long Term Disability Benefit Plan*, 557 F.3d 823, 831 (7th Cir. 2009). The court must, however, then take into account the conflict of interest as a factor in determining whether there has been an abuse of discretion. *Glenn*, 554 U.S. at 117 (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 103 (1989)).

2560.503–1(b). She further asserts that § 2560.503–1(l), which prescribes the consequence for a failure to provide a full and fair review, is ambiguous and that as a result, the Court should defer to the Department of Labor's ("DOL") interpretation of the regulation and apply a *de novo* review, rather than follow the Supreme Court and Seventh Circuit precedent.

More particularly, § 2560.503–1(l) provides:

Failure to establish and follow reasonable claims procedures. In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

Boxell suggests that this regulation is ambiguous because it does not speak to the standard of review applied in a civil action to recover benefits brought by a participant or beneficiary under § 502(a) of ERISA. She contends that because of this ambiguity, the question before the Court is whether the DOL's interpretation of the regulation "is based on a permissible construction of the statute." *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984) ("[I]f the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute."). According to Boxell, if the Court answers that question affirmatively, it must defer to the DOL's interpretation of § 2560.503–1(l), even if such interpretation conflicts with the Supreme Court and Seventh Circuit precedent.[4]

---

[4] On that front, Boxell states that the DOL's interpretation was first set forth in the preamble to the regulations, and, more recently, in an amicus brief filed on January 31, 2013, in *Halo v. Yale Health Plan, etc.*, No. 12-1447 (2nd Cir. filed Apr. 11, 2012). In the amicus brief, the DOL acknowledged that deferential review is appropriate absent the administrator's "wholesale violations" of the procedural requirements of ERISA or failure to exercise its discretion. (Reply Attach. A at 24-26 (stating that although "an administrator's failure to comply with . . . . procedural requirements ordinarily does not alter the standard of review," courts recognize "some situations in

But Boxell's suggestion that § 2560.503–1(l) is ambiguous is not convincing, as the regulation is *not* silent about the consequences for claim procedure irregularities. Rather, it specifically states that the consequence for failing to provide a full and fair review is that the claimant is deemed to have exhausted her administrative remedies under the plan and may bring a federal lawsuit under § 502(a) to vindicate her rights. The regulation does *not* allude to a second consequence and to interpret otherwise is not a permissible construction of the regulation. *See, e.g., Kohut v. Hartford Life & Accident Ins. Co.*, 710 F. Supp. 2d 1139, 1145 (D. Colo. 2008) ("B]ecause section 2560.503–1(l) is not ambiguous on the question of the proper standard of review that applies . . . , the agency's explanatory language on this point is entitled to no judicial deference."). "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron,* 467 U.S. at 842-43 ("The judiciary is the final authority on issues of statutory construction and must reject administrative constructions which are contrary to clear congressional intent."). *Id*. at 842-43 n.9.

Notably, Boxell has not cited any Seventh Circuit case to support her rather novel argument concerning the standard of review. In fact, quite to the contrary, in *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691-93 (7th Cir. 2010), which involved an allegation of claim procedure violations, the Seventh Circuit affirmatively stated that it should apply discretionary

---

which procedural irregularities are so substantial as to alter the standard of review" (quoting *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 971 (9th Cir. 2006))). Thus, the DOL's position appears to be that so long as a plan substantially complies with the procedural requirements of § 2560.503–1, the standard of review remains deferential. (Reply Attach. 1 at 23.)

The instant action is not a case, of course, where the plan administrator failed to exercise its discretion, as MetLife did ultimately issue a lengthy written decision denying Boxell's claim. Thus, Boxell is apparently left with the assertion that MetLife committed "wholesale violations" of ERISA's procedural requirements when handling her claim.

review in accordance with the plan's language, not *de novo* review. The Court reasoned that its "own precedent mandates that [it] review the statutory adequacy of procedures employed by a discretionary plan for abuse of discretion." *Id.* at 692-93 (citing *Hackett v. Xerox Corp.*, 315 F.3d 771, 774-75 (7th Cir. 2003)); *see generally Conkright*, 559 U.S. at 513 (refusing to impose a *de novo* standard of review based on a plan administrator's mistake in plan interpretation).

Indeed, "an administrator may not only abuse its entrusted discretion substantively, but also procedurally." *Amich v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 10-cv-105, 2011 WL 815102, at *7 (E.D. Wis. Feb. 28, 2011) (citing *Glenn*, 554 U.S. at 115; *Hackett*, 315 F.3d at 775). "Although this standard is deferential, it is not a 'rubber stamp,' and [a court] will not uphold a denial if the administrator fails to provide specific reasons for rejecting evidence and denying the claim." *Black v. Long Term Disability Ins.*, 582 F.3d 738, 745 (7th Cir. 2009) (citations omitted); *see, e.g.*, *St. Joseph's Hosp. of Marshfield, Inc. v. Carl Klemm, Inc.*, 459 F. Supp. 2d 824, 831-34 (W.D. Wis. 2006) (finding under an arbitrary and capricious standard of review that defendant failed to provide a full and fair review to plaintiff). Thus, a deferential review does not deprive Boxell of a remedy, but rather "preserves the 'careful balancing' on which ERISA is based." *Conkright*, 559 U.S. at 517 ("Deference promotes efficiency by encouraging resolution of benefits disputes through internal administrative proceedings rather than costly litigation. It also promotes predictability, as an employer can rely on the expertise of the plan administrator rather than worry about unexpected and inaccurate plan interpretations that might result from *de novo* judicial review.")

Therefore, because the Plan affords MetLife the discretion to make claim decisions, the applicable standard of review in this action is "arbitrary and capricious," and Boxell's

allegations of claim procedure deficiencies does not alter this standard.

### III. THE REQUEST TO PERFORM DISCOVERY

Boxell argues that regardless of the standard of review, she should be allowed to conduct discovery because MetLife purportedly withheld documents properly included in the administrative record. She seeks the following information: (1) all communications between MetLife and Dr. McPhee regarding the preparation of his report; (2) documents prepared by MetLife's legal department; and (3) claim and appeal standards used to process and decide Boxell's claim and appeal. She also wants to take Dr. McPhee's deposition and a Rule 30(b)(6) deposition of MetLife.

"The scope of discovery in an ERISA denial of benefits case 'turns on the standard of review applicable to the [plan administrator's] decision.'" *Robbins v. Milliman USA Long Term Disability Ins. Plan*, No. 1:02-cv-01635, 2003 WL 22246952, at *3 (S.D. Ind. June 25, 2003) (quoting *Trombetta v. Cragin Fed. Bank for Sav. Emp. Stock Ownership Plan*, 102 F.3d 1435, 1438 n.1 (7th Cir. 1996)). In cases governed by an arbitrary and capricious standard, "discovery generally has not been permitted, and judicial review is limited to the administrative record."[5] *Warner v. Unum Life Ins. Co. of Am.*, No. 12 C 2782, 2013 WL 3874060, at *1 (N.D. Ill. July 26, 2013) (citing *Krolnik*, 570 F.3d 841); *Gutta v. Standard Select Trust Ins. Plans*, 530 F.3d 614, 619 (7th Cir. 2008)).

The Seventh Circuit explained in *Semien v. Life Insurance Co. of North America*, 436

---

[5] In contrast, if the standard of review is *de novo*—that is, if the court makes an "independent decision" rather than a "review"—then the scope of discovery is the same as in any other contract action. *Krolnik v. Prudential Ins. Co. of Am.*, 570 F.3d 841, 843 (7th Cir. 2009); *Herzberger v. Standard Ins. Co.*, 205 F.3d 327, 331 (7th Cir. 2000). "Discovery may be curtailed to the extent that the Rules of Civil Procedure allow." *Krolnik*, 570 F.3d at 843. The court then"decides on the record made in the litigation." *Id.*

F.3d 805, 814-15 (7th Cir. 2006), that only under particular circumstances is limited discovery beyond the administrative record "appropriate to ensure that plan administrators have not acted arbitrarily and that conflicts of interest have not contributed to an unjustifiable denial of benefits." *See Hall v. Life Ins. Co. of N. Am.*, 265 F.R.D. 356, 361 (N.D. Ind. 2010) (citing *Semien*, 436 F.3d at 814). Under *Semien*, a plaintiff must demonstrate two factors before such limited discovery becomes appropriate: "(1) the identification of 'a specific conflict of interest or instance of misconduct' and (2) . . . 'a prima facie showing that there is good cause to believe limited discovery will reveal a procedural defect in the plan administrator's determination.'" *Id.* (quoting *Semien*, 436 F.3d at 815).

But in *Dennison v. MONY Life Retirement Income Security Plan for Retirees*, 710 F.3d 741, 747 (7th Cir. 2013), the Seventh Circuit recently "walked back" the standard it set in *Semien*, in light of the Supreme Court's decision in *Glenn*, 554 U.S. 105, "'softening' the threshold showing a plaintiff must make to obtain discovery." *Warner*, 2013 WL 3874060, at *1. Nevertheless, "discovery still is not permitted in the run-of-the-mill case in the Seventh Circuit, and the two-part test established in *Semien* remains instructive." *Id*. at *3. "That means that to obtain discovery beyond the claim file in a case governed by the arbitrary and capricious standard, a plaintiff still must identify a specific conflict or instance of misconduct and make a prima facie showing that there is good cause to believe that limited discovery will reveal a procedural defect." *Id*. (citing *Semien*, 436 F.3d at 813-14). "In light of *Glenn*, however, and given the softening of the *Semien* standard heralded by *Dennison*, a plaintiff[']s burden in making this showing is not onerous." *Id*.

Here, Boxell has not identified a specific conflict or instance of misconduct or made a

9

*prima facie* showing that there is good cause to believe that limited discovery will reveal a procedural defect. *See, e.g.*, *Nunnery v. Sun Life Fin. Distribs., Inc.*, 526 F. Supp. 2d 862, 869 (N.D. Ill. 2007). Boxell might disagree with the conclusion reached by MetLife "but that does not equate to even a preliminary showing of misconduct, bias, or conflict of interest that might warrant discovery beyond the record on which the administrator relied." *Id.*. Therefore, Boxell's request to perform discovery outside of the administrative record will be denied.

As to her assertion that MetLife withheld documents properly in the administrative record, "we assume that all written materials germane to the interpretation of the . . . Plan were contained in the administrative record." *Vallone v. CNA Fin. Corp.*, No. 98 C 7108, 2000 WL 1015936, at *2 (N.D. Ill. May 16, 2000); *see generally Great Am. Ins. Co. v. United States*, No. 12 C 9718, 2013 WL 4506929, at *4 (N.D. Ill. Aug. 23, 2013) ("[T]he agency determines what constitutes the 'whole' administrative record because it is the agency that did the considering, and . . . is in a position to indicate initially which of the materials were before it . . . ." (citation omitted)). The ERISA regulations require that the Plan provide the claimant with "reasonable access to, and copies of, all documents, records, and other information *relevant to the claimant's claim for benefits*." *Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781, 798 (7th Cir. 2009) (emphasis in original) (quoting 29 C.F.R. § 2560.502-1(h)(2)(iii)). "A document is deemed 'relevant' if it 'was relied upon in making the benefit determination . . . .'" *Id.* (quoting 29 C.F.R. § 2560.503–1(m)(8)(i)). Indeed, in its letter forwarding Boxell's claim file to her counsel, MetLife affirmatively represented that the file "contains all relevant communications and all records that may exist of any conversations that were had regarding [Boxell's] claim." (Roseti Dec. Exs. 7 at AR 3835, 27 at AR 556.)

Not to be deterred, Boxell attaches excerpts from depositions of several MetLife employees taken in other cases, in which the employees refer to certain "claims management guidelines" and an "appeals procedure manual" that MetLife maintains for processing claims and appeals. (Harmon Dep. 9; Broadwater Dep. 31-32, 41; Muldrow Dep. 51; Calderon Dep. 35-36.) From this evidence, Boxell suggests that MetLife must *also* have relied upon such documents when deciding Boxell's claim and that MetLife withheld the documents from the claim file it produced. But this is mere speculation, as MetLife affirmatively represented in its claim determination to Boxell that "[t]here was no internal rule or guideline specifically relied upon in making the claim determination at issue"; that the "Plan procedures . . . are set forth in the Summary Plan Description"; and that "MetLife maintains no Plan-specific internal guidelines." (Roseti Dec. Exs. 7 at AR 3835, 27 at AR 556); *see Kruk v. Metro. Life Ins. Co., Inc.*, No. 3:07-cv-1533, 2009 WL 1481543, at *4-6 (D. Conn. May 26, 2009) (finding that only to the extent internal manuals or guidelines were used to adjudicate *the particular determination* need they be produced); *Brooks v. Metro. Life Ins. Co.*, 526 F. Supp. 2d 534, 537 (D. Md. 2007) (same).

Boxell also alleges that certain communications with Dr. McPhee and a bill for services are missing. She finds it is suspicious that Dr. McPhee commented extensively on the fully-favorable Social Security decision in his addendum absent a communication from MetLife in the administrative record asking him to do so. (Pl.'s Mem. 22.) But in MetLife's referral to Dr. McPhee requesting an addendum, MetLife specifically asked Dr. McPhee to address *all* of the medical evidence in the file as well as the appeal letter from Boxell's attorney. (Rosati Dec. Ex. 19 at AR 1744.) Thus, it was certainly logical that Dr. McPhee also commented on the recent fully-favorable Social Security decision.

Moreover, Boxell's request to depose Dr. McPhee and MetLife would likely seek the thought processes of MetLife's employees. But the Seventh Circuit has definitively instructed that the mental processes of the Plan's administrator are *not* discoverable. *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 981-82 (7th Cir. 1999); *Nunnery*, 526 F. Supp. 2d at 869. Indeed, MetLife's claim determination already reflects its rationale for discontinuing Boxell's benefits. *See Cannon v. UNUM Life Ins. Co. of Am.*, 219 F.R.D. 211, 214 (D. Me. 2004) (denying claimant's request to conduct depositions geared toward discovering the mental processes of the administrator's staff, articulating that the claim determination already reflects the administrator's rationale for discontinuing benefits).

In the end, Boxell's suspicions fall short of showing that relevant material is missing from the administrative record considered by MetLife. *See Dennison*, 710 F.3d at 746 (rejecting a request for discovery based "on a thinly based suspicion that [the plan administrator's] decision was tainted by a conflict of interest"); *see generally Great Am. Ins. Co.*, 2013 WL 4506929, at *4 (denying discovery where plaintiffs merely speculated that the defendant agency relied upon information not contained in the administrative record). Nevertheless, since the Plan claims that MetLife produced all of the documents properly maintained in the administrative record, Boxell is at least entitled to a response stating as much. *See, e.g.*, *Wright v. Metro. Life Ins. Co.*, 618 F. Supp. 2d 43, 59 (D.D.C. 2009) (submitting a declaration from a MetLife employee attesting that the information plaintiff sought was not referred to or otherwise used in the adjudication of his claim). Accordingly, the Plan will be ORDERED to execute an affidavit or declaration, signed by an appropriate employee or officer of its administrator, attesting under oath that the claim file forwarded to Boxell contained "all of the documents, records, and other information 'relevant' to

her claim for benefits, as such term is defined in 29 C.F.R. § 2560.503–1(m)(8)." Boxell's request to perform discovery, however, will otherwise be DENIED.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion That Review Should be De Novo/Regarding Scope of Discovery (Docket # 14) is DENIED, except that Defendant is ORDERED to produce an affidavit or declaration in accordance with this Opinion and Order on or before September 30, 2013.  The standard of review in this matter will be "arbitrary and capricious."

SO ORDERED.

Enter for this 16th day of September, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge