UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KATHLEEN BOXELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:13-cv-00089-JD-RBC |
| THE PLAN FOR GROUP INSURANCE OF VERIZON COMMUNICATIONS, INC., | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION
FOR ASSESSMENT OF ATTORNEY FEES AND COSTS**

Defendant, The Plan for Group Insurance of Verizon Communications Inc. (the "Plan"), by and through its attorneys, files this Memorandum in Opposition to Plaintiff's Motion for an Award of Attorney's Fees and Costs ("Plaintiff's Motion"). In support of its opposition, Defendant states the following.

## I.   INTRODUCTION

Plaintiff is not entitled to an award of attorney fees pursuant to 29 U.S.C. § 1132(g) because Defendant's position was not made in bad faith or simply to harass Plaintiff, as evidenced by the Court's findings that "the record is not unequivocal as to whether Ms. Boxell is disabled due to a condition not subject to a 2-year limitation under the Plan. " [*Opinion and Order dated 9/22/14, Doc. 61*, p. 30] In fact, the Court pointed out that "[e]ven one of [Plaintiff's] own doctors believed she was able to return to work without restriction, and if she was disabled, that disability may have been subject to a limitation of benefits." [*Id.*] Further, the Court found that "although the Plan has failed to adequately justify its decision, the Court cannot definitively conclude on this record that it would have been unreasonable for the Plan to terminate Ms. Boxell's benefits." [*Id.*]

Under these facts, it cannot be said that the Plan's position was made in bad faith or simply to harass Plaintiff, and attorney fees would not be appropriate. An award of attorney fees is also premature and inconsistent with the law in the Seventh Circuit because the claim has been remanded for further review.

Alternatively, if the Court finds Plaintiff entitled to attorney fees, her requested fee should be reduced.

## II.     ARGUMENT

### A.     Plaintiff is Not Entitled to Attorney Fees.

Although the Court found that "the Plan has failed to adequately justify its decision," Plaintiff's request that she be awarded disability benefits was rejected because the Court held that it "cannot definitely conclude on this record that it would have been unreasonable for the Plan to terminate Ms. Boxell's benefits," and as such, it merely remanded the claim for further review. [*Doc. 61*, p. 30]

In determining whether an award of attorney fees is appropriate in an ERISA action, a court must determine whether the "losing" party's position was substantially justified. *Kolbe & Kolbe Health & Welfare Benefit Plan v. Medical College of Wisconsin, Inc*., 657 F.3d 496, 505-505 (7th Cir. 2011). The Supreme Court has required a claimant establish a minimum threshold that she has had "some degree of success on the merits" to become **eligible** for attorney fees under 29 U.S.C. § 1132(g)(1) [*Hardt v. Reliance Standard Life Ins. Co.,* 130 S.Ct. 2149, 2159 (2010)], but that does not render the claimant **entitled** to a fee award. *Kolbe*, 657 F.3d at 505; *Mondry v. American Family Mut. Ins. Co*., 2012 WL 5938681,*8 (7th Cir. 2012). Rather, a district court must exercise its discretion to determine whether fees would be appropriate. *Id*.

2

The Seventh Circuit has utilized two tests for determining whether an award of attorney fees would be appropriate in an ERISA case. *Kolbe & Kolbe*, 657 F.3d at 505-506.

> The first test looks at the following five factors: 1) the degree of the offending parties' culpability or bad faith; 2) the degree of the ability of the offending parties to satisfy personally an award of attorney's fees; 3) whether or not an award of attorney's fees against the offending parties would deter other persons acting under similar circumstances; 4) the amount of benefit conferred on members of the pension plan as a whole; and 5) the relative merits of the parties' positions. 'The second test looks to whether or not the losing party's position was 'substantially justified.'

*Id*. (citations omitted). This Circuit has determined that the inquiry is the same under either test: "'was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?'" *Id*. at 506 (*quoting Quinn v. Blue Cross & Blue Shield Ass'n.,* 161 F.3d 472, 478 (7th Cir. 1998)). Courts within the Seventh Circuit have continued to apply the substantial justification test since *Hardt*.

Plaintiff is not entitled to attorney fees under this analysis. Although Plaintiff acknowledges the above factors and the substantial justification inquiry, [s*ee Plaintiff's Memorandum, Doc. 67*, p. 16-18 of 28], she ignores that while the Court expressed some concerns over the claim review and the explanations provided for the claim decision, there was not sufficient evidence to justify an award of benefits to her. [*Opinion and Order, Doc. 61*] Plaintiff also downplays the limited nature of the Court's remand order. The Court concluded that the Plan needed to allow Plaintiff to submit additional evidence, determine whether she was entitled to any additional benefits, identify all bases for its decision, and provide non-arbitrary reasons in support of its decision and for discounting any credible evidence to the contrary. [*Doc. 61*, p. 31] The Court did not enter a determination about the merits of Plaintiff's claim or direct the Plan as to any particular result that should be reached during the remand review. In sum, the Court found procedural missteps that required correction on remand.

Considering the Court's findings in the context of the five factor/substantial justification inquiry, attorney fees are not appropriate. *See*, *Kolbe & Kolbe*, 657 F.3d at 505-506. The Plan did not act in bad faith in denying Plaintiff additional disability benefits. To the contrary, the Court affirmatively rejected Plaintiff's arguments alleging bias and conflict of interest by the claim administrator, Metropolitan Life Insurance Company ("MetLife"), by pointing out that Plaintiff's "argument is misplaced" and "MetLife has no financial interest in the outcome of its claims, and is not conflicted." [*Doc. 61*, p. 28] The Court even relied on a Seventh Circuit opinion stressing that a claim administrator that does not have any financial interest in the outcome of the claim "'reduced any potential for conflict,' and that, if anything, the third party claims administrator's incentive was to favor the claimants, not the plan." [*Id., quoting Aschermann v. Aetna Life Ins. Co.*, 689 F.3d 726, 729-30 (7th Cir. 2012)] For these same reasons, an award of fees would not deter other claim administrators from denying benefit claims, as MetLife believed that there was appropriate evidence to support its decision under the terms of the Plan. Plaintiff is certainly not seeking to benefit other Plan participants or beneficiaries, nor has she presented a novel legal question under ERISA. Finally, regarding the merits of each party's position, the Court found "the record is not so unequivocal as to whether Ms. Boxell is disabled due to a condition not subject to a 2-year limitation under the Plan. Even one of her own doctors believed she was able to return to work without restriction, and if she was disabled, that disability may have been subject to a limitation of benefits." [*Doc. 61*, p. 30] In fact, the Court concluded that it "[could not] definitively conclude on this record that it would have been unreasonable for the Plan to terminate Ms. Boxell's benefits" and it remanded the claim for further review by MetLife. [*Id.*] The position taken by MetLife and the Plan was taken in good faith and not meant to harass Plaintiff. *See*, *Kolbe & Kolbe*, 657 F.3d at 505-506.

The Court not only rejected Plaintiff's request for reinstatement of benefits, it also rejected several arguments raised by Plaintiff in her dispositive motion, including her arguments that: (1) testimony from a different case, involving a different policy, supported an attempt by MetLife to defraud Plaintiff - - an argument the Court found to be based on "flawed logic" that was "bordering on the fantastical" [*Doc. 61*, p. 11-12]; (2) MetLife should be judicially estopped from finding Plaintiff not disabled under the Plan since the Social Security Administration found her disabled under its criteria - - an argument the Court found has already been rejected by the Seventh Circuit "on multiple occasions" [*Id*., p. 15-16]; (3) MetLife denied payment of additional disability benefits because of its conflict of interest - - an argument the Court found to be "misplaced" since MetLife neither funds nor insures the Plan so "MetLife has no financial interest in the outcome of its claims, and is not conflicted" [*Id*., p. 28]; (4) failure of MetLife to have a written policy governing whether fibromyalgia was subject to a 12-month limitation of benefits period - - an argument the Court found to be based on an "unreasonably broad" interpretation of a regulation for which Plaintiff cited no supporting authority for the proposition [*Id.*, p. 28-29]; and (5) the Plan must be interpreted to limit benefits only for conditions that affect *both* the neuromusculoskeletal system *and* soft tissue - - an argument the Court characterized as being "a bit of a reach" since the provision could reasonably be interpreted to encompass diseases affecting one or the other system instead of both but finding it need not decide the issue since "Ms. Boxell has failed to show that anything turns on these competing interpretations" [*Id*., p. 29-30].

After the Supreme Court's decision in *Hardt*, the Seventh Circuit has continued to deny requests for attorney fees in their entirety when the claim administrator's position is substantially justified, even under facts less compelling than those here. In *Weitzenkamp v. Unum Life Ins. Co.*

*of America*, 2013 WL 74602, *1-2 (7th Cir. 2013), the court applied the five factor test and reasoned that regardless of plaintiff's success, attorney fees were not appropriate because the defendant's position had a reasonable basis in law and fact, especially given its discretion to interpret terms of the plan. *Id*. at *2. The substantial justification analysis in *Weitzenkamp* is particularly enlightening as the claim determination was overturned by the district court and Seventh Circuit. In contrast to the facts here, the district court in *Weitzenkamp* found that the denial of benefits based on the lack of objective evidence was arbitrary and capricious [*Weitzenkamp v. Unum Life Ins. Co*., 2010 WL 4806979 (E.D.Wis. 2010)], and the Seventh Circuit held that the self-reported symptom limitation was not properly applied to the plaintiff's claim, *and reinstatement of benefits was ordered. Weitzenkamp v. Unum Life Ins. Co. of America*, 661 F.3d 323, 331-333 (7th Cir. 2011). Here, rather than enter an award for benefits, the Court remanded the claim for further review, the result of which is currently unknown. The Seventh Circuit's reasoning in *Weitzenkamp* confirms that an award of attorney's fees would not be appropriate.

The case Plaintiff relies on to assert that she is entitled to an award of fees is inapposite. [*Doc. 67*, p. 16-17 of 28 *(relying on Temme v. Bemis Co., Inc*., 762 F.3d 544 (7th Cir. 2014))] Unlike the current case in which "the Court [could not] definitively conclude on this record that it would have been unreasonable for the Plan to terminate Ms. Boxell's benefits," [Doc. 61, p. 30], in *Temme*, the Court affirmed the district court's award of fees based in large part on the district court's finding that the defendant had ceased providing benefits that the plaintiffs were "clearly entitled" to receive and even after that ruling the defendant "persisted in denying that benefit until plaintiffs moved for an injunction requiring compliance, which the district court granted under the threat of contempt." *Id*. at 551.

6

Plaintiff also misstates a Seventh Circuit holding to support her request for attorney fees; while in fact, the actual holding provides further support that Plaintiff is not entitled to an award of fees. Plaintiff erroneously alleges that the Court in *Huss v. IBM Medical and Dental Plan*, 418 Fed. Appx. 498 (7th Cir. 2011) (hereafter "*Huss II*"), affirmed the district court's judgment awarding fees to the plaintiff following the district court's reversal of the denial of benefits, remand for further proceeds, and imposition of a statutory penalty. [*Doc. 67*, p. 11-12 of 28] In fact, the Seventh Circuit vacated the district court's judgment awarding benefits, vacated a portion of the statutory penalties, and vacated the district court's award of attorney fees. *Huss II*, 418 Fed. Appx. at *501, 513; 2011 U.S. App. LEXIS 7563 (7th Cir. 2011). The Seventh Circuit instructed the district court to reconsider whether to award any fees to the plaintiff given the significantly altered outcome of the litigation (vacating the award of benefits and instead merely remanding the case for further consideration). *Id*. at 513.

Plaintiff did not rely on any Seventh Circuit case (nor has Defendant found one) in which the Seventh Circuit approved an award of attorney fees in an ERISA case like the present one where there was a remand without an award of benefits. [*See Plaintiff's Memorandum*, *Doc. 67*] Instead, just as in *Huss II*, the Seventh Circuit has not approved an award of fees where the district court did not award benefits. See *Quinn v. Blue Cross and Blue Shield Ass'n,* 161 F.3d 472, 479 (7th Cir. 1998); *Tate v. Long Term Disability Plan for Salaried Employees of Champion Intern. Corp. No. 506*, 545 F.3d 555, 564 (7th Cir. 2008); *Leger v. Tribune Co. Long Term Disability Ben. Plan*, 557 F.3d 823, 835 (7th Cir. 2009); *see also, Burris v. Aurora Health Care Long Term Disability Plan*, 2010 U.S. Dist. LEXIS 25356, *47-48 (E.D. Wis. Mar. 18, 2010). An award of attorney's fees here would be inappropriate under the facts of this case and the Seventh Circuit's framework.

7

### B. Alternatively, Plaintiff is Not Entitled to the Full Amount of Fees Requested.

#### 1. Plaintiff's Claimed Hours Should Be Reduced.

The Seventh Circuit has recognized that in evaluating the reasonableness of attorney fees, "where the plaintiff achieve[s] only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Young*, 748 F.Supp.2d at 909-910 (quoting *Hensley v. Eckerhart,* 103 S.Ct. 1933, 1943 (1983)). The Supreme Court has recognized that if "a plaintiff has achieved partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, at 436. Thus, the Supreme Court has confirmed:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee.

*Id*. at 440.

In reducing a fee award where the claimant achieves only partial or limited success, the Seventh Circuit has also found that the district court may identify specific hours that should be eliminated or may reduce the award across the board to account for the limited success. *Bryant v. City of Chicago*, 200 F.3d 1092, 1101 (7th Cir. 2000).

This Court very recently found "[i]t is not at all unusual for a court to determine that some aspects of an attorney's work were not fruitful, were unnecessary, or merited less time than the attorney devoted to them, and to deny compensation for those portions of the attorney's work." *Heyne v. Nick's Am. Pancake & Café, Inc*., 2013 U.S. Dist. LEXIS 162891, *41 (N.D. Ind. 2013). In fact, "reasons that require a reduction in the total fee award, include[e] time spent on unsuccessful claims, the non-complex straight forward nature of the case, . . . as well as lack

8

of proportionality between the damages received and the attorneys' fees sought and the minimal public interest advanced given the circumstances of this particular case." *Heyne*, *44-45.

The district courts have also confirmed appropriate methods for reducing a fee claim. Where it is difficult to identify specific time entries from an attorney fee claim that are solely related to the work that was not fruitful or unnecessary, a proportionate reduction of all time entries related to that work is appropriate - - such as a 50% reduction of time billed by plaintiff's attorney where plaintiff was successful on less than 50% of the claims asserted (only 6 out of 14) and received significantly less than all damages claimed. *Heyne,* at * 45-47. Where time entries for a specific motion that plaintiff was not successful on are identifiable, the district court may exclude those time entries in their entirety from the plaintiff's fee claim. *Karr v. Med-1 Solutions, LLC*, 2014 U.S. Dist. LEXIS 15445, *6-7 (S.D. Ind. October 22, 2014) (striking all time entries for a motion filed by plaintiff that was denied by the court).

Here, the Court should exclude from Plaintiff's requested fees all time spent pursuing *Plaintiff's Motion that Review Should be De Novo Regarding Scope of Discovery* (hereinafter "*Plaintiff's De Novo Motion*") [Doc. 14]. Not only was Plaintiff completely unsuccessful on this motion, it was completely unnecessary as evidenced by the Court's finding that Plaintiff's request to apply a *de novo* standard of review conflicted with Supreme Court and Seventh Circuit precedent. [*Opinion and Order,* dated September 16, 2013; *Doc. 21*, p. 4-6] As the Court pointed out, Plaintiff did not even attempt to cite a single Seventh Circuit case to support her argument regarding the applicable standard of review (nor could she since none existed). *Id.* Plaintiff lacked substantial justification in attempting to evade the applicable standard of review which supports finding that Plaintiff's position was not taken in good faith and was simply to harass her opponent, a factor that supports denying Plaintiff's request for fees and instead awarding fees to

9

the Plan in having to defend against *Plaintiff's De Novo Motion*. [*See Defendant's Memorandum in Support of Defendant's Petition for Fees and Costs, Doc. 75*, p. 5-6.] As Plaintiff confirmed, her fee claim includes 53.8 hours that were devoted to Plaintiff's *De Novo* Motion. [*See Doc. 67*, p. 26 of 28] Based on Plaintiff's complete lack of success on the motion and the lack of substantial justification for the arguments raised, the entire 53.8 hours should be excluded from Plaintiff's fee request.

The Court should also proportionately reduce the fees Plaintiff requests related to the merits of the case based on Plaintiff's complete lack of success on obtaining an award of disability benefits and lack of support for several asserted arguments. As mentioned above, the Court completely rejected Plaintiff's request for reinstatement of benefits and rejected 5 arguments which were found to be based on "flawed logic," "bordering on the fantastical," having been rejected by the Seventh Circuit "on multiple occasions," arguments that are "misplaced" with evidence to the contrary, "unreasonably broad" arguments with no supporting authority, and arguments that are "a bit of a reach" where Plaintiff failed to show any issue even turned on the argument. [*Doc. 61*, p. 11-12, 15-16, 28-30] Given that Plaintiff only obtained the limited result of a remand, was denied the request for reinstatement of benefits, and had several unsupported arguments completely rejected by the Court, her success could easily be characterized as less than 50%. As found by this Court in *Heyne*, reduction of the fee claim related to the arguments on the merits could reasonably be reduced by a proportionate amount - - awarding at most 50% of the claimed fees. *Id.* at *44-46. Therefore, Plaintiff's claimed hours of 91.9 related to the litigation of the merits of the case [*Doc. 67*, p. 26 of 28] should be reduced by at least 50%, or the equivalent of a reduction of 45.95 hours from her fee claim.

Therefore, if any fees are awarded to Plaintiff, the number of hours claimed should reasonably be reduced by a total of 99.75 hours, leaving a claim for at most 89.15 hours.

2. Plaintiff's Claimed Rate Should Be Reduced.

In addition to evaluating the number of hours that are reasonable to award, the court must also evaluate the reasonableness of the attorney fee rate. *Heyne*, at *38-39. Although there are times when a higher rate for an out-of-town attorney could be used in calculating a fee claim, "if 'local attorneys could do as well, and there is no other reason to have them performed by the [out-of-town attorney], then the judge, in his discretion, might allow only an hourly rate which local attorneys would have charged for the same service.'" *Id.* (*quoting Mathur v. Bd. Of Trustees of Southern Illinois Univ.*, 317 F.3d 738, 744 (7th Cir. 2003)).

Here, despite Plaintiff's attorney alleging that his claimed rate of $600 per hour is allegedly reasonable in locations such as California and Chicago [*see Doc. 67*, p. 22 of 28, ¶ 3, 5], this is a straightforward ERISA claim for disability benefits without any new or unusual legal issues (despite unsuccessful attempts by Plaintiff's attorney to circumvent controlling Supreme Court and Seventh Circuit precedent [*see generally* Doc. 21 and Doc. 61]) which a local attorney could do as well and there is no other reason for which a local attorney could not have performed the legal work. *See Heyne,* at *38-39. Plaintiff's attorney confirmed that Attorney Bridget O'Ryan is an experienced ERISA benefits attorney in Indiana, who is admitted in this Court, and there is no basis for finding a local attorney with such experience could not have performed this work. [*Doc. 67*, p. 22 of 28, ¶4] Given that Attorney O'Ryan's claimed local rate is $350 per hour, and given that counsel for the Plan attested to a similar local rate ($339 per hour [*Doc. 74-1*, ¶ 5]), Plaintiff's non-local rate should not be used for any fees that may be awarded, and instead the Court should use a reasonable local rate of at most $350 per hour.

11

### III.  CONCLUSION

For the reasons stated above, Defendant respectfully requests the Court deny Plaintiff's request for attorney fees. In the alternative, if the Court finds Plaintiff is entitled to attorney fees, Plaintiff's fee award should be significantly reduced to at most 89.15 hours (reducing the claimed 188.9 hours by 99.75 hours for time spent on unsuccessful, unfruitful, and unnecessary claims) and reduced to a reasonable local rate of at most $350 per hour.

Date:  November 4, 2014                    Respectfully submitted,


OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:     s/ Tina M. Bengs
         Tina M. Bengs, IN Bar No. 19751-64
         56 S. Washington St., Suite 302
         Valparaiso, IN  46383
         Telephone: ( 219) 242-8664
         Facsimile:  (219) 242-8669
         *tina.bengs@ogletreedeakins.com*

         Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that the foregoing *MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ASSESSMENT OF ATTORNEY FEES AND COSTS* was filed electronically on November 4, 2014 and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

    Robert J. Rosati
    Robert@erisalg.com

I further certify that service was made on the following non-registered ECF counsel of record by placing copies of the foregoing *MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ASSESSMENT OF ATTORNEY FEES AND COSTS* in envelopes properly addressed to them and with sufficient first-class postage pre-paid:

    NONE

    s/ Tina M. Bengs
    Tina M. Bengs

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
56 S. Washington St., Suite 302
Valparaiso, IN 46383